# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **KENYATA CRAWFORD, ex. rel. C.D., a minor,** <br><br> **Plaintiff,** <br><br> v. <br><br> **NANCY A. BERRYHILL, Acting Commissioner of Social Security,**[1] <br><br> **Defendant.** | **No. 16 C 11450** <br><br> **Magistrate Judge Mary M. Rowland** |

## MEMORANDUM OPINION AND ORDER

Plaintiff Kenyata Crawford filed this action on behalf of her minor son, C.D., seeking reversal of the final decision of the Commissioner of Social Security denying her application for Supplemental Security Income (SSI) under Title XVI of the Social Security Act (Act). 42 U.S.C. §§ 405(g), 1381 et. seq. The parties have consented to the jurisdiction of the United States Magistrate Judge, pursuant to 28 U.S.C. § 636(c), and filed cross-motions for summary judgment. For the reasons stated below, the case is remanded for further proceedings consistent with this Opinion.

## I. PROCEDURAL HISTORY

On October 25, 2012, Kenyata Crawford filed an application for SSI on behalf of her minor child, C.D., who was born on February 12, 2006, alleging that he became

---

[1] On January 23, 2017, Nancy A. Berryhill became Acting Commissioner of Social Security and is substituted for her predecessor as the proper defendant in this action. Fed. R. Civ. P. 25(d).

disabled on October 1, 2012. (R. at 62). The application was denied initially and upon reconsideration, after which Ms. Crawford filed a timely request for a hearing. (*Id.* at 61–79, 96–98). On February 20, 2015, C.D. and Ms. Crawford, unrepresented by counsel, testified at a hearing before an Administrative Law Judge (ALJ). (*Id.* at 36–60).

On May 27, 2015, the ALJ denied C.D.'s request for benefits. (R. at 12–35). Applying the three-step sequential evaluation process, the ALJ found at step one that C.D. has not engaged in substantial gainful activity since October 25, 2012, his application date. (*Id.* at 15). At step two, the ALJ found that C.D.'s attention deficit hyperactivity disorder (ADHD) is a severe impairment. (*Id.*). At step three, the ALJ determined that C.D. does not have an impairment or combination of impairments that meet or medically equal the severity of any of the Listings. (*Id.*). Specifically, the ALJ concluded that C.D. does not meet or medically equal Listing 112.11. (*Id.*). (*Id.* at 16). The ALJ then determined that C.D. does not have an impairment or combination of impairments that functionally equal the severity of any of the Listings. (*Id.* at 16–30).

The Appeals Council denied C.D.'s request for review on October 13, 2016. (R. at 1–6). C.D. now seeks judicial review of the ALJ's decision, which stands as the final decision of the Commissioner. *Villano v. Astrue*, 556 F.3d 558, 561–62 (7th Cir. 2009).

## II. STANDARD OF REVIEW

Judicial review of the Commissioner's final decision is authorized under 42 U.S.C. 405(g). On review, the Court may not engage in its own analysis of whether the plaintiff is severely impaired as defined by the Social Security Regulations. *Young v. Barnhart*, 362 F.3d 995, 1001 (7th Cir. 2004). Nor may it "reweigh evidence, resolve conflicts in the record, decide questions of credibility, or, in general, substitute [its] own judgment for that of the Commissioner." *Id.* The Court's task is "limited to determining whether the ALJ's factual findings are supported by substantial evidence." *Id.* Evidence is considered substantial "if a reasonable person would accept it as adequate to support a conclusion." *Indoranto v. Barnhart*, 374 F.3d 470, 473 (7th Cir. 2004); *see Moore v. Colvin*, 743 F.3d 1118, 1120–21 (7th Cir. 2014). "Substantial evidence must be more than a scintilla but may be less than a preponderance." *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). The ALJ must "explain his analysis of the evidence with enough detail and clarity to permit meaningful appellate review." *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005).

Although this Court accords great deference to the ALJ's determination, it "must do more than merely rubber stamp the ALJ's decision." *Scott v. Barnhart,* 297 F.3d 589, 593 (7th Cir. 2002) (citation omitted). "[T]he ALJ must identify the relevant evidence and build a 'logical bridge' between that evidence and the ultimate determination." *Moon v. Colvin*, 763 F.3d 718, 721 (7th Cir. 2014). Where the Commissioner's decision "lacks evidentiary support or is so poorly articulated as to

prevent meaningful review, the case must be remanded." *Steele v. Barnhart,* 290 F.3d 936, 940 (7th Cir. 2002).

"A child qualifies as disabled and therefore may be eligible for SSI if he has a 'medically determinable physical or mental impairment, which results in marked and severe functional limitations' and the impairment 'has lasted or can be expected to last for a continuous period of not less than 12 months.'" *Hopgood ex rel. L.G. v. Astrue*, 578 F.3d 696, 699 (7th Cir. 2009) (quoting 42 U.S.C. § 1382c(a)(3)(C)(i)). To decide whether a child meets this definition, the Social Security Administration (SSA) employs a three-step analysis to decide whether a child meets this definition. 20 C.F.R. § 416.924(a). First, if the child is engaged in substantial gainful activity, his or her claim is denied. *Id.* Second, if the child does not have a medically severe impairment or combination of impairments, then his or her claim is denied. *Id.* Finally, the child's impairments must meet, or be functionally equivalent, to any of the Listings of Impairments (Listings) contained in 20 CFR pt. 404, subpt. P, app. 1. *Id.* To find an impairment functionally equivalent to one in the Listings, an ALJ must analyze its severity in six age-appropriate categories: "(i) acquiring and using information; (ii) attending and completing tasks; (iii) interacting and relating with others; (iv) moving about and manipulating objects; (v) caring for yourself; and (vi) health and physical well-being. *Id.* § 416.926a(b)(1). To functionally equal the Listings, the ALJ must find an "extreme" limitation in one category or a "marked" limitation in two categories. An "extreme" limitation occurs when the impairment interferes very seriously with the child's ability to independently initiate, sustain or

4

complete activities. *Id.* § 416.926a(e)(3)(i). A "marked" limitation is one which interferes seriously with the child's ability to independently initiate, sustain, or complete activities. *Id.* § 416.926a(e)(2)(i).

### III. DISCUSSION

C.D. raises two main arguments in support of his request for reversal of the ALJ's determination that he is not disabled: (1) the ALJ improperly evaluated C.D.'s and Ms. Crawford's subjective symptom statements by failing to reach an explicit "credibility" finding; and (2) the ALJ did not set forth a supported rationale for finding a less than marked limitation in the domains of "Caring for Yourself" and "Attending and Completing Tasks." (Dkt. 20 at 5–13).

### A. The ALJ's Subjective Symptom Evaluation

The Regulations describe a two-step process for evaluating a claimant's own description of his or her impairments. First, the ALJ "must consider whether there is an underlying medically determinable physical or mental impairment(s) that could reasonably be expected to produce the individual's symptoms, such as pain." SSR 16-3p, at *2; *see also* 20 C.F.R. § 416.929. "Second, once an underlying physical or mental impairment(s) that could reasonably be expected to produce the individual's symptoms is established, we evaluate the intensity and persistence of those symptoms to determine the extent to which the symptoms limit an individual's ability to perform work-related activities . . . ." SSR 16-3p, at *2.[2]

---

[2] Since the ALJ issued her decision in this case, the SSA has issued new guidance on how the agency assesses the effects of a claimant's alleged symptoms. SSR 96-7p and its focus on "credibility" has

5

In evaluating the claimant's subjective symptoms, "an ALJ must consider several factors, including the claimant's daily activities, [his] level of pain or symptoms, aggravating factors, medication, treatment, and limitations, and justify the finding with specific reasons." *Villano*, 556 F.3d at 562 (citations omitted); *see* 20 C.F.R. § 404.1529(c); SSR 16-3p. An ALJ may not discredit a claimant's testimony about his symptoms "solely because there is no objective medical evidence supporting it." *Villano*, 556 F.3d at 562 (citing 20 C.F.R. § 404.1529(c)(2)); *see Johnson v. Barnhart*, 449 F.3d 804, 806 (7th Cir. 2006) ("The administrative law judge cannot disbelieve [the claimant's] testimony solely because it seems in excess of the 'objective' medical testimony."). Even if a claimant's symptoms are not supported *directly* by the medical evidence, the ALJ may not ignore *circumstantial* evidence, medical or lay, which does support claimant's credibility. *Lopez ex rel. Lopez v. Barnhart*, 336 F.3d 535, 539–40 (7th Cir. 2003).

The Court will uphold an ALJ's subjective symptom evaluation if the ALJ gives specific reasons for that finding, supported by substantial evidence. *Moss v. Astrue*, 555 F.3d 556, 561 (7th Cir. 2009). The ALJ's decision "must contain specific reasons for a credibility finding; the ALJ may not simply recite the factors that are described in the regulations." *Steele*, 290 F.3d at 942 (citation omitted). "Without an

---

been superseded by SSR 16-3p in order to "clarify that subjective symptom evaluation is not an examination of the individual's character." *See* SSR 16-3p, 2016 WL 1119029, at *1 (effective March 16, 2016). As SSR 16-3p is simply a clarification of the Administration's interpretation of the existing law, rather than a change to it, it can be applied to Claimant's case. *See Qualls v. Colvin*, No. 14 CV 2526, 2016 WL 1392320, at *6 (N.D. Ill. Apr. 8, 2016). The Court acknowledges the Administration's recent clarification regarding SSR 16-3p, instructing adjudicators only to apply this ruling when making "determinations and decisions on or after March 28, 2016." *See* Notice of Social Security Ruling, 82 Fed. Reg. 49462 n.27 (Oct. 25, 2017). Nevertheless, the Court continues to follow *Cole v. Colvin*, 831 F.3d 411, 412 (7th Cir. 2016) indicating SSR 16-3p and SSR 96-7p are not substantively different.

adequate explanation, neither the applicant nor subsequent reviewers will have a fair sense of how the applicant's testimony is weighed." *Id.*

Ms. Crawford testified that C.D. is defiant, has tantrums, and is physically aggressive, including hitting and biting others, screaming and yelling, and breaking things that do not belong to him. (R. at 52–53, 57). She reported that she called the police after he severely bit his sister, and that C.D. was suspended from school on multiple occasions for fighting. (*Id.* at 57). She testified that C.D. is impulsive and hyperactive and was prescribed medications such as Concerta and Risperdal at increasingly higher doses, but nothing helps. (*Id.* at 50, 53, 55). Further, she reported that C.D. has a poor memory and cannot remember things he has done in the past like fighting in school. (*Id.* at 48–49). She also testified that C.D. has a problem with bed-wetting about twice a week and the prescribed medications are not effective. (*Id.* at 55).

In his decision, the ALJ gave "some weight to the testimony of the claimant's mother." (R. at 22). The ALJ found "the testimony of the claimant and his mother seemed earnest and forthcoming. The testimony was generally consistent with the school records and the treatment records." (*Id.* at 23). Considering this testimony and the school records, the ALJ concluded C.D. has "marked limitations in interacting and relating with others." (*Id.*). However, the ALJ determined C.D. does not have marked or extreme limitations in any other domain, and therefore he is not disabled under the regulations. (*Id.*). The ALJ provided *no* reasons in his opinion for giving the testimony of Ms. Crawford only "some weight" and provided

*no* explanation of why Ms. Crawford's forthcoming testimony supported by the school records did not support his finding that C.D. did not have marked limitations in any of the other domains.

Pursuant to the social security regulations:

> In evaluating an individual's symptoms, it is not sufficient for our adjudicators to make a single, conclusory statement that 'the individual's statements about his or her symptoms have been considered' or that 'the statements about the individual's symptoms are (or are not) supported or consistent." . . . The determination or decision must contain specific reasons for the weight given to the individual's symptoms, be consistent with and supported by the evidence, and be clearly articulated so the individual and any subsequent reviewer can assess how the adjudicator evaluated the individual's symptoms.

SSR 16-3p, at *10; *see also* SSR 96–7p, at *4. Here, the ALJ indicated in a conclusory manner that he "considered the testimony" when finding that Plaintiff has "less than marked limitations" in the domains of Caring for Yourself and Attending and Completing Tasks. (R. at 25–26, 29). However, the ALJ did not offer any "explanation of which of [Ms. Crawford's] statements are not entirely credible or how credible or noncredible any of them are." *Martinez v. Astrue*, 630 F.3d 693. 697 (7th Cir. 2011). The ALJ must provide sufficient details as to allow the Court to trace the path of the ALJ's reasoning. *See Steele*, 290 F.3d at 942; *Scott*, 297 F.3d at 595. The ALJ did not do so here. Accordingly, the ALJ erred by failing to explain how the testimony of C.D. and Ms. Crawford either supported or did not support his findings in the domains of Caring for Yourself and Attending and Completing Tasks. *See Giles ex rel. Giles v. Astrue*, 483 F.3d 483, 489 (7th Cir. 2007) ("the ALJ was required to explain why the testimony did not support a finding that [claimant]

was markedly limited in attending and completing tasks"); *Golembiewski v. Barnhart,* 322 F.3d 912, 916 (7th Cir. 2003) ("The cases make clear that the ALJ must specify the reasons for his finding so that the applicant and subsequent reviewers will have a fair sense of the weight given to the applicant's testimony.")

Under these circumstances, the ALJ's analysis of C.D.'s and Ms. Crawford's testimony requires remand. On remand, the ALJ shall reevaluate C.D.'s and Ms. Crawford's allegations with due regard for the full range of medical evidence. *See Zurawski*, 245 F.3d at 888.

**B. Self-Care**

Next, C.D. argues that the ALJ erred in finding that C.D. had a less than marked limitation in the domain of Caring for Yourself. (Pl.'s Mem., Dkt. 20 at 5). The self-care domain involves how well the child maintains a healthy emotional and physical state. 20 C.F.R. § 416.926a(k). This includes how well he gets his physical and emotional wants and needs met in appropriate ways; how well he copes with stress and changes in his environment; and whether he takes care of his own health, possessions, and living area. *Id.* Here, the ALJ's explanation for his finding that C.D. has less than marked limitations in this domain is as follows:

> The claimant is generally able to take care of himself in an age-appropriate manner, regarding dressing, bathing, and self-care. He does have some sleep disturbances, for which he takes medication. In addition, he has some difficulties with impulsivity and regulating his anger and behavior. He has no reported history of self-harm, but has been aggressive with others. When he was evaluated for an IEP, it was noted that he had age-appropriate self-help and adaptive behavior skills, but social work services were recommended to enhance his behavioral regulation and socialization skills. In considering the testimony and the opinions of the state agency consultants and

9

> teacher, the undersigned finds less than marked limitations in the domain of caring for self.

(R. at 29). The ALJ's finding that C.D. has less than a marked limitation in the self-care domain is not supported by substantial evidence. As an initial matter, as noted above, the ALJ did not explain how C.D. and Ms. Crawford's testimony either supported or did not support his finding in the self-care domain. *See Giles*, 483 F.3d at 489 (indicating that an ALJ must explain how a claimant's testimony supports or does not support a finding in a particular domain).

Further, the ALJ did not address evidence submitted by Plaintiff of nocturnal enuresis, including testimony, reports to doctors and prescriptions of desmopressin, a hormonal drug to treat enuresis. (*See* R. at 55, 185, 271, 274, 296, 331, 537, 548). Accordingly, the Court cannot determine whether the ALJ considered C.D.'s enuresis when analyzing this domain. "[A]though the ALJ need not discuss every piece of evidence in the record, [he] may not ignore an entire line of evidence that is contrary to the ruling. Otherwise it is impossible for a reviewing court to tell whether the ALJ's decision rests upon substantial evidence." *Golembiewski v. Barnhart*, 322 F.3d 912, 917 (7th Cir. 2003) (citations omitted); *see also Indoranto*, 374 F.3d at 474 (an ALJ is required to "confront the evidence that does not support his conclusion and explain why it was rejected.").

Defendant's argument that the ALJ need not consider enuresis in this domain because he considered it in the health and physical well-being domain is unavailing. Pursuant to the social security regulations, "any given impairment may have effects in more than one domain; therefore, we will evaluate the limitations

10

from your impairments in any affected domain(s)." 20 C.F.R. § 416.926a(c); *see also* SSR 09-3p 2009 WL 396025, at *4 ("Rating the limitations caused by a child's impairment(s) in each and every domain that is affected is not 'double-weighing' of either the impairment(s) or its effects. Rather, it recognizes the particular effects of the child's impairment(s) in all domains involved in the child's limited activities."); *see also A.H. ex rel. Williams v. Astrue*, No. 09 C 6981, 2011 WL 1935830 at *17-18 (N.D. Ill. May 18, 2011) (finding the ALJ erred by failing to address incontinence in the self-care domain).

Similarly, the ALJ erred by failing to discuss evidence relevant to C.D.'s ability to control and cope with his emotions as it relates to the self-care domain. Caring for yourself involves more than physical abilities to perform hygiene tasks. It also requires consideration of emotional abilities.

> [I]n "Caring for yourself," we focus on how well a child relates to self by maintaining a healthy emotional and physical state in ways that are age-appropriate and in comparison to other same-age children who do not have impairments. . . . The ability to experience, use, and express emotion is often referred to as self-regulation. Children should demonstrate an increased capacity to self-regulate as they develop. . . . [T]he Domain of "Caring for yourself" involves the emotional ability to engage in self-care activities, such as feeding, dressing, toileting, and maintaining hygiene and physical health.

SSR 09-7p, at *2-3. The ALJ did not address evidence throughout the record of impulsive and aggressive behaviors such as hitting siblings, classmates and teachers and ignoring school safety rules. (R. at 249, 274, 278, 284, 296, 373, 537, 548–49, 554–60, 569–71). While the ALJ broadly stated that C.D. has "some difficulties with impulsivity and regulating his anger and behavior," (*Id.* at 29), he failed to explain why evidence in favor of the Plaintiff is insufficient to find a

marked limitation in the self-care domain. *See Williams ex rel. A.W. v. Colvin*, 1:14-CV-02172, 2016 WL 880531, at *3 (N.D. Ill. Mar. 1, 2016) (remanding because the ALJ failed to address "evidence [that] strongly indicates that Claimant had not started to demonstrate consistent control over his behavior, was unable to avoid unsafe and bad behavior, and had not discovered appropriate ways to express his feelings" as it relates to the self-care domain); *Giles*, 483 F.3d at 488 ("We require an explanation of why strong evidence favorable to the plaintiff is overcome by the evidence on which an ALJ relies.").

Defendant's argument that the ALJ need not discuss this evidence with regards to the self-care domain because he discussed it when finding C.D. had a marked impairment in the "interacting and relating with others" domain is without traction. As noted above, the regulations require an ALJ to evaluate limitations in "any affected domain" because "any given impairment may have effects in more than one domain." 20 C.F.R. § 416.926a(c); *see also* SSR 09-3p 2009 WL 396025, at *4; *see also Williams ex rel. A.W.*, 2016 WL 880531 at *3 (finding the ALJ erred by failing to address in the self-care domain evidence of claimant's inability to avoid unsafe behavior and express feelings in appropriate ways).

Defendant's argument that the ALJ did not need to explain his reasoning because he properly relied on the opinions of state agency consultants similarly fails. The state agency psychologists at the initial level and on reconsideration also give inadequate reasons for their analysis of the self-care domain. The consultants merely state, "Per function report, manages to perform dressing, eating and getting

12

to school. Parent has some concern in other areas." (R. 65, 74). This provides the Court with no indication of whether they considered C.D.'s history of enuresis or difficulties with self-regulation, emotional regulation, impulsivity or aggressive behaviors in this domain. *See Moon*, 763 F.3d at 722 (finding "[t]he doctors opinions cannot provide the needed logical bridge" when the doctors do not actually specify how claimant's symptoms relate to the residual functional capacity they found).

For these reasons, the Court finds that the ALJ's analysis of the self-care domain is not supported by substantial evidence, requiring remand. On remand, the ALJ shall re-evaluate the caring for yourself domain considering all of the evidence in the record, including C.D.'s and Ms. Crawford's testimony and shall explain the basis for his findings in accordance with applicable regulations and rulings.[3]

## V. CONCLUSION

For the reasons stated above, Plaintiff's Motion for Summary Judgment [19] is **GRANTED**. Defendant's Motion for Summary Judgment [22] is **DENIED**. Pursuant to sentence four of 42 U.S.C. § 405, the ALJ's decision is reversed, and the case is remanded to the Commissioner for further proceedings consistent with this opinion.

---

[3] Because the Court is remanding on the ALJ's analysis of subjective symptom statements and the self-care domain, the Court chooses not to address C.D.'s remaining argument that the ALJ did not set forth a supported rationale for the attending and completing tasks domain.

Dated: January 17, 2018            E N T E R:

_____
MARY M. ROWLAND
United States Magistrate Judge